UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Dimitri George Vorvolakos,

                            Petitioner,                                **MEMORANDUM & ORDER**
                                                                                    23-MC-03349 (DG)

        -against-

United States of America,

                            Respondent.
---------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       Petitioner Dimitri George Vorvolakos, proceeding *pro se*, has filed a "motion to seal and or expunge the record in a criminal case brought on May 28, 1994, by the US Park Police for allegations involving a weapon and hunting in a federal park." *See* Motion to Expunge (the "Motion"), ECF No. 1. The Government opposes the Motion. *See* Response in Opposition ("Gov't Ltr."), ECF No. 5.

       For the reasons set forth below, the Motion is denied.

## BACKGROUND

       Petitioner asserts that on May 28, 1994, when he was approximately twenty years old, he "was in a federal park in Queens, NY, playing with a bb gun which allegedly struck a bird" and that he "was then arrested and charged and brought to the United States Courthouse in Brooklyn." *See* Motion at 2. Petitioner further asserts that he "believe[s] that [he] received a short term of probation but [he] do[es] not recall as it was more than nineteen (19) years ago." *See* Motion at 2. Petitioner represents that he brings the Motion because his record "has impacted [his] ability to gain employment at various companies and agencies that do work with the United States and other governmental agencies [and] has also impacted [his] ability to obtain certain licenses and loans or to commence [his] own business (construction)." *See* Motion at 2-

3.  Petitioner seeks an order "granting [his] motion to seal/expunge [his] record."  *See* Motion at 2.

In its opposition to the Motion, the Government, *inter alia*, notes that the criminal incident report relating to the May 28, 1994 arrest indicates that the United States Park Police observed Petitioner and two other persons, while in the Gateway National Recreation Area, in possession of BB guns and two dead pigeons; notes that in the Motion, Petitioner admits to much of the charged conduct and indicates his apparent understanding that the case was not dismissed; discusses the legal standard for expungement of a valid arrest record, noting that expungement should not be granted routinely after an acquittal or dismissal of charges; and argues that the Court should deny the instant motion because Petitioner has not demonstrated the sort of unusual or extreme circumstances that warrant expungement of his arrest record – in particular, he has not alleged any Government impropriety or anything to indicate that his arrest record reflects anything other than a record of a valid criminal arrest.  *See* Gov't Ltr. at 1-4; *see also* Exhibit A to Gov't Ltr., ECF No. 5-1 (Criminal Incident Record dated May 28, 1994).  The Government also notes that "the Court has no records of [Petitioner's] case" and that the Government "has been unable to locate any information regarding the disposition" of the citations issued to Petitioner.  *See* Gov't Ltr. at 1-2.

The Government appears to construe the Motion as a motion to expunge Petitioner's arrest record.  *See generally* Gov't Ltr.; *see also* Gov't Ltr. at 1 (noting that Petitioner's criminal record "consists of an arrest record for a petty offense from 1994").  Because the record before the Court does not appear to contain any documentation relating to the disposition of the underlying case, the Court construes the Motion as a motion seeking sealing or expungement of Petitioner's arrest record.

**DISCUSSION**

The doctrine of ancillary jurisdiction "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). The Supreme Court has stated that "[g]enerally speaking, [the Supreme Court has] asserted ancillary jurisdiction (in the very broad sense in which that term is sometimes used) for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379-80 (citations omitted).

Here, on the current record, the Court does not appear to have ancillary jurisdiction.

In *United States v. Schnitzer* – a case in which a defendant filed a motion to expunge his arrest record following an order of dismissal in his criminal case – the United States Court of Appeals for the Second Circuit held that "[a] court, sitting in a criminal prosecution, has ancillary jurisdiction to issue protective orders regarding dissemination of arrest records." *See* 567 F.2d 536, 537-38 (2d Cir. 1977).[1] In a subsequent decision, the Second Circuit held that *Schnitzer* applies only to arrest records "after an order of dismissal." *See Doe v. United States*, 833 F.3d 192, 197 (2d Cir. 2016).[2]

Here, the record before the Court does not indicate that the underlying case was dismissed. *See* Gov't Ltr. at 2 (noting that the Government "has been unable to locate any

---

[1] "No federal statute provides for the expungement of an arrest record." *Schnitzer*, 567 F.2d at 539.

[2] In *Doe*, the Second Circuit also discussed the "limited circumstances" under which "Congress has previously authorized district courts to expunge lawful convictions." *See* 833 F.3d at 199.

3

information regarding the disposition"); Motion at 2 (noting that Petitioner "believe[s] that [he] received a short term of probation but [does] not recall"); *see generally* docket.  Accordingly, *Schnitzer* does not provide a basis for ancillary jurisdiction here.

Further, there does not otherwise appear to be a basis for ancillary jurisdiction here.  The "exercise of ancillary jurisdiction in this case [would serve] neither of the goals identified in *Kokkonen*."  *See Doe*, 833 F.3d at 199; *see also United States v. Ariyo*, No. 18-CR-00725, 2021 WL 857308, at *1-2 (S.D.N.Y. Mar. 8, 2021); *United States v. Rodrigue*, No. 81-CR-00342, 2023 WL 2043393, at *1-2 (S.D.N.Y. Feb. 16, 2023).

Because the Court does not appear to have ancillary jurisdiction, the Motion is denied.  Such denial is without prejudice.

The Court notes that even if there were a basis for ancillary jurisdiction here, the Motion would be denied because Petitioner has not demonstrated the existence of any circumstance sufficient to justify sealing or expunging his arrest record.  *See Schnitzer*, 567 F.2d at 539-40 (noting that "expungement lies within the equitable discretion of the court," that "relief usually is granted only in extreme circumstances," and that a court must "examine[] individually on its merits" a particular request for expungement "to determine the proper balancing of the equities" and discussing examples of "extreme circumstances" that have been found to justify expungement (quotation omitted)); *see also Fernandez v. United States*, No. 09-MC-00326, 2009 WL 2227140, at *2 (E.D.N.Y. July 24, 2009) (noting that "[w]here a record is accurate, regardless of the disposition of the case, courts have nearly uniformly rejected adverse employment effects as grounds for expungement" and collecting cases); *United States v. Skinner*, Nos. 96-MJ-00916, 97-MJ-00315, 2023 WL 4905256, at *1 (determining that "the dismissal of the case, the age of the arrest, and the adverse effects on [the petitioner's] business" do not

4

"constitute[] extraordinary circumstances that can justify the sealing of arrest records");

*Rodrigue*, 2023 WL 2043393, at *1, 3.[3]

## CONCLUSION

Petitioner's Motion, ECF No. 1, is DENIED without prejudice. The Clerk of Court is directed to close this case and to mail a copy of this Order to Petitioner.

SO ORDERED.

                                                             */s/ Diane Gujarati*
                                                             DIANE GUJARATI
                                                             United States District Judge

Dated: May 29, 2024
       Brooklyn, New York

---

[3] Courts apply the same standards in analyzing motions to seal and motions to expunge. *See Bulla v. United States*, No. 18-MC-00299, 2021 WL 242149, at *1 (E.D.N.Y. Jan. 25, 2021) (citing *Doe*, 833 F.3d 192); *Ruiz v. United States*, No. 19-MC-00850, 2019 WL 3388817, at *1 n.3 (E.D.N.Y. July 25, 2019).